IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| TRACY S. WHALEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 12-02295-CM |
| ) | |
| SKC COMMUNICATION, LLC, and ) | |
| DONNELL MORGAN ) | |
| ) | |
| Defendants. ) | |
| ) | |
| _____) | |

**MEMORANDUM AND ORDER**

Plaintiff Tracy S. Whaley filed his complaint *pro se* on May 17, 2012, and alleges that defendants sexually harassed him in violation of Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000e *et seq*. Plaintiff subsequently retained counsel. Currently before the court is plaintiff's renewed motion to dismiss defendants pursuant to Federal Rule of Civil Procedure 41(a)(2) because plaintiff wants to pursue his claims in state court (Doc. 20).

Defendants did not respond to plaintiff's motion and the time for doing so has passed. *See* D. Kan. Rule 6.1(d). Therefore, the court considers plaintiff's motion unopposed and grants it without further notice. D. Kan. Rule 7.4(b).

Even if defendants had filed an opposition, the court determines that dismissal without prejudice under Federal Rule of Civil Procedure 41(a)(2) is appropriate. The Tenth Circuit has explained that "[a]bsent 'legal prejudice' to the defendant, the district court normally should grant such a dismissal." *Ohlander v. Larson*, 114 F.3d 1531, 1537 (10th Cir. 1997). Although the parameters of "legal prejudice" are not entirely clear, courts should consider several factors including "the opposing party's effort and expense in preparing for trial; excessive delay and lack of diligence

on the part of the movant; insufficient explanation of the need for a dismissal; and the present stage of litigation." *Id.*

Here, the case is in its infancy. A scheduling conference has not been held. And no discovery has been exchanged. Plaintiff is moving to dismiss this lawsuit within three months of the complaint's filing date. Plaintiff has explained that he is dismissing this case because he is abandoning his federal claims and wants to proceed in state court. The court is not aware of any legal prejudice that defendants would suffer by granting the motion to dismiss. Accordingly, the court determines that dismissal without prejudice is appropriate.

Because the court is granting plaintiff's renewed motion to dismiss without prejudice, defendant's motion to dismiss (Doc. 12) and plaintiff's original motion to dismiss (Doc. 16) are denied as moot.

**IT IS THEREFORE ORDERED** that plaintiff's Renewed Motion To Dismiss Without Prejudice (Doc. 20) is granted.

**IT IS FURTHER ORDERED** that Defendant Donnell Morgan's Motion to Dismiss, Or In The Alternative, Motion For Summary Judgment (Doc. 12) is denied as moot.

**IT IS FURTHER ORDERED** that plaintiff's Motion To Dismiss Without Prejudice (Doc. 16) is denied as moot

Dated this 13th day of August, 2012, at Kansas City, Kansas.

                                                  s/ Carlos Murguia
                                                  **CARLOS MURGUIA**
                                                  United States District Judge